**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FILED
NOV 27 2019
Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| TIFFANY M. BENDER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:19-cv-03423 (UNA) |
| DISTRICT OF COLUMBIA SUPERIOR COURT, *et al.*, | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint application for leave to proceed *in forma pauperis* ("IFP"). The court will grant the IFP application and dismiss the case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of Washington D.C., sues the Superior Court for the District of Columbia ("Superior Court") and Orlans, LLC, located in Leesburg, Virginia. Her claims are all rooted in her apparent discontent with the outcomes of an active and pending real property matter, filed in the Superior Court. She accuses the presiding trial judge of abuse of discretion by

disregarding "all facts and proof[.]" She requests "an immediate and emergency trial by jury so that this matter may be properly litigated." The claims against Orlans, LLC are entirely unclear.

As a general rule, applicable here, federal district courts lack jurisdiction to review or interfere with judicial decisions by state and District of Columbia courts. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995)).

Plaintiff fails to raise any federal question. She also fails to satisfy the burden to establish diversity jurisdiction. Therefore, this case will be dismissed for want of subject matter jurisdiction. A separate order accompanies this memorandum opinion.

Date: November 26, 2019

United States District Judge